UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-105-GWU

DONNIE GIBSON,                                              PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

**INTRODUCTION**

Donnie Gibson brought this action to obtain judicial review of an unfavorable

administrative decision on his application for Disability Insurance Benefits (DIB).

The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.  Is the claimant currently engaged in substantial gainful activity?
    If so, the claimant is not disabled and the claim is denied.

2.  If the claimant is not currently engaged in substantial gainful
    activity, does he have any "severe" impairment or combination
    of impairments--i.e., any impairments significantly limiting his
    physical or mental ability to do basic work activities?  If not, a
    finding of non-disability is made and the claim is denied.

3.  The third step requires the Commissioner to determine
    whether the claimant's severe impairment(s) or combination of
    impairments meets or equals in severity an impairment listed
    in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.     At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.     If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

2

09-105  Donnie Gibson

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

3

09-105  Donnie Gibson

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.

4

Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having

5

the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

**DISCUSSION**

The Administrative Law Judge (ALJ) concluded that Gibson, a 45-year-old former truck driver and carpenter with a high school education, suffered from impairments related to degenerative disc disease of the lumbar spine, an adjustment disorder, an anxiety disorder, post-traumatic stress symptoms, a history of asthma/allergies, bilateral knee pain, and obesity. (Tr. 11, 17). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 15-17). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 18-19). The ALJ based this decision, in part, upon the testimony of a vocational expert. (Tr. 18).

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence. However, the current also does not mandate an immediate award of DIB. Therefore, the court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

The hypothetical question presented to Vocational Expert Ralph Crystal included an exertional limitation to light level work, restricted from a full range by such non-exertional restrictions as (1) the need for a sit/stand option with no prolonged sitting or standing of more than 45 minutes without interruption; (2) an

09-105  Donnie Gibson

inability to more than occasionally push or pull with the lower extremities and use foot controls; (3) an inability to more than occasionally stoop, kneel, crouch, and climb ramps or stairs; (4) an inability to ever crawl or climb ladders and ropes; (5) a need to avoid concentrated exposure to full body vibration, fumes, odors, dusts, or gases; (6) a need to avoid exposure to hazards such as heights and dangerous machinery; (7) a limitation to simple and detailed work instructions; (8) an ability to tolerate co-workers and supervision in an object-focused work environment with infrequent and casual contacts; and (9) a limitation to routine changes in a routine work environment.  (Tr. 62-63).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 63-64).  The ALJ relied upon this information to support the administrative decision.

The ALJ erred in evaluating Gibson's mental condition.  Psychologists Ed Ross (Tr. 317-318) and Jane Brake (Tr. 336-337) each reviewed the record and opined that Gibson would be "moderately" limited in his ability to maintain attention and concentration, perform activities within a schedule, maintain regular attendance and to be punctual within customary tolerances, interact appropriately with the general public and respond appropriately to changes in the work setting.  While the hypothetical question included a number of factors regarding the claimant's mental condition, it did not include restrictions concerning attention and concentration or public contact.  While the opinions of state agency reviewers are not binding on the administration, they at least must be considered by the ALJ and unless the opinion

8

09-105 Donnie Gibson

of a treating source is adopted, the ALJ must explain the weight attributed to the opinions of the non-examining medical reviewers. 20 C.F.R. § 404.1527(f)(2)(i)(ii). In the present action, the ALJ failed to indicate why parts of these opinions were rejected. Therefore, these opinions do not support the administrative decision.

Dr. Kim Larmore, a treating psychiatrist at the Veteran's Administration Medical Center (VAMC), opined that Gibson's problems with depression, anxiety and chronic pain would make him "totally unemployable." (Tr. 677). This was the only opinion with regard to the plaintiff's mental ability to engage in work activity contained in the record from a treating or examining source. This opinion goes to the ultimate issue of disability which is reserved to the Commissioner under the federal regulations and, so, would not be binding. 20 C.F.R. § 404.1527(e)(1). However, this opinion does suggest that the claimant was more impaired by his mental problems than found by the ALJ and, so, does not provide support for the administrative decision. Therefore, a remand of the action for further consideration of Gibson's mental status is required.

Gibson was found disabled by the Department of Veteran's Affairs in November of 2006. (Tr. 743-754). This determination was not addressed in the ALJ's denial decision. (Tr. 9-19). The plaintiff argues that this omission constitutes reversible error. The defendant notes that the administrative regulations provide that:

9

09-105  Donnie Gibson

> A decision by any nongovernmental agency or other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled or blind. We must make a disability or blindness determination based on social security law. Therefore, a determination made by another agency that you are disabled or blind is not binding on us.

20 § C.F.R. 404.1504. However, Social Security Ruling 06-3p states that while these disability determinations by other agencies are not binding, the administration is still required to evaluate all the evidence in the record including the disability determinations of other agencies and, so, these must be considered. The Ninth Circuit Court of Appeals has found that the failure of an ALJ to mention a disability finding by the Department of Veteran's Affairs constituted reversible error. McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002). The Fifth Circuit Court of Appeals in Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001) also found that a Veteran's Administration disability rating was entitled to consideration. The Eighth Circuit Court of Appeals in Morrison v. Apfel, 146 F.3d 625, 628 (8th Cir. 1998) and the Tenth Circuit Court of Appeals in Baca v. Dept. of Health and Human Services, 5 F.3d 476, 480 (10th Cir. 1993) each noted that the disability determinations of other federal agencies were entitled to consideration by the Social Security Administration. The Sixth Circuit Court of Appeals, while not making such a definitive finding on this issue, has found it curious that the Social Security Administration would find someone not disabled when other responsible governmental agencies such as the Black Lung and Worker's Compensation Board

10

09-105  Donnie Gibson

have found the reverse.  Harris v. Heckler, 756 F.2d 431, 434 (6th Cir. 1984).  The Sixth Circuit noted in Stewart v. Heckler, 730 F.2d 1065, 1068 (6th Cir. 1984) that the Veteran's Administration had found the plaintiff totally disabled, in a decision remanding the action.  Therefore, the ALJ should at least have addressed the disability finding by the Department of Veteran's Affairs and this omission constitutes an additional reason supporting remand of the action for further consideration.

The undersigned concludes that the administrative decision should be reversed and the action remanded to the Commissioner for further consideration. Therefore, the court must grant the plaintiff's summary judgment motion to this extent and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 14th day of January, 2010.


**Signed By:**

_G. Wix Unthank_

**United States Senior Judge**